[No. 15450.    Department Two.—December 22, 1894.]

## S. H. HARMON, Appellant, v. SAN FRANCISCO AND SAN RAFAEL RAILROAD COMPANY et al., Respondents.

Mechanic's Lien—Subcontractor—Time of Filing Claim—Completion of Structure—Finding Supported by Evidence.—Where the court finds that the claim of lien of a subcontractor was not filed for record within thirty days after the completion of the structure upon which the lien is claimed, and the weight of the testimony is in support of the finding, and shows that the structure was completed more than thirty days prior to the filing of the claim, the finding is conclusive against the right of the subcontractor to foreclose the lien.

Appeal from a judgment of the Superior Court of Marin County and from an order denying a new trial.

The facts are stated in the opinion.

*H. A. Powell,* for Appellant.

*Stanly, Hayes, McEnerney & Bradley,* and *Charles F. Hanlon,* for Respondents.

SEARLS, C.—This is an action to foreclose a mechanic's lien upon the San Francisco and San Rafael Railroad, extending from Point Tiburon to San Rafael in the county of Marin, taken to secure the sum of thirty-nine thousand seven hundred and seventy dollars and eighty-three cents, less about seven thousand dollars paid on account thereof, claimed to be due the plaintiff for lumber, timber, etc., furnished by him as a subcontractor to one M. MacDonald, an original contractor, and used in the construction of said railroad.

There was another action brought by the Gordon Hardware Company (a corporation), to foreclose a lien upon the same property.

The two actions were consolidated, tried together, and judgment entered by the court in favor of the defendants, from which judgment and from an order denying his motion for a new trial S. H. Harmon, plaintiff in the first-mentioned cause, appeals.

The case involves but two questions of importance. The first relates to the time within which the lien was filed after the work was completed.

The complaint avers the completion of the work on the eighth day of June, 1884, and the filing by plaintiff of his notice of lien as a subcontractor on the eighteenth day of June, 1884.

The answer of the defendant railroad company negatives the allegations of the complaint in this behalf, avers the work to have been completed on or about May 5, 1884, "and that the plaintiff did not, within thirty days after the completion of said railroad and the work mentioned in said contract, file for record," etc., his claim, etc.

The court found that the contract under which plaintiff furnished supplies was completed May 8, 1884, "and that the plaintiff, Harmon, did not, within thirty days

after the completion of said railroad and the work mentioned in said contract, file for record with the county recorder of Marin county any claim containing a statement of his demands," etc., and then proceeds to find that plaintiff's claim was filed June 18, 1884, long after the expiration of the thirty days after the completion of said railroad and of all work done or required to be done under said contract, etc.

These findings are challenged by appellant, upon the ground that they are not supported by evidence, etc.

In order to a better understanding of the drift of the evidence it is proper to state that on the twenty-third day of October, 1882, the defendant railroad company entered into a written contract with M. MacDonald, by the terms of which the latter agreed to construct the excavations, embankments, tunnels, piers, culverts, rubble walls, bridges, etc., on the line of the proposed railway from San Rafael to Point Tiburon, in the county of Marin, at certain agreed prices, which aggregated say two hundred and forty-two thousand two hundred and forty dollars and sixty-six cents, of which amount twenty per cent, or say forty-eight thousand four hundred and fifty-two dollars and twenty cents, was to be reserved by defendant until the time for filing liens by subcontractors should expire; monthly payments were to be made upon progress estimates by defendants' engineer up to eighty per cent of the work performed.

The defendant railroad company also reserved the right in its discretion to pay off any debt of the contractor for labor or materials which might be or become a lien on the railroad, or any part thereof, and to deduct the sums so paid from the amount due the contractor.

The work under the contract was to be completed November 1, 1883, and a bond for the faithful performance of the contract in accordance with its provisions was required and given in the penal sum of fifty thousand dollars.

Reference to this bond and other facts not concerning

the first question involved or the defendant corporation will be stated hereafter.

That plaintiff's lien as a subcontractor was filed for record June 18, 1884, was not disputed at the trial. There was a substantial conflict in the evidence as to the time when the MacDonald contract and the railroad were completed.

That the road was substantially completed prior to April 28, 1884, is established beyond question. On the last-named day the first passenger train ran over the road, and on the following fourth day of May an excursion party went over the road, and thenceforward regular passenger trains under a fixed schedule ran several times a day. The last spike had been driven April 10th preceding.

The contention of appellant was that certain rock taken from tunnel No. 1 had been deposited off the railroad right of way, and upon the land of one Porter, which the contractor was required to return to the right of way, and which was in fact returned and not completely done until say June 2, 1884.

S. C. Walsh, a witness on the part of plaintiff, testified that the last work was done under the contract June 2, 1884, in removing the rock to the right of way; that he received orders May 17th from Zook, defendants' engineer, to remove it, and sent a letter to a man named Bird, who was left upon the ground, who with a man named McMahon removed it, consuming about ten days.

This witness testified that all work except this rock had been completed, and the men, except two, had been discharged on or before May 10, 1884. C. K. Bird corroborated Walsh as to the time of removing the rock, and that he and McMahon, who had been acting as watchman over the tools and property left on the line of road, did the work.

On the other hand, David Porter, the owner of the land upon which the rock was deposited, testified as to giving notice for its removal, and that subsequently he went over from San Francisco to the land by steamer to

San Quentin, thence by buggy to the land and back, being driven by Robert Warden, who was his farmer on the ranch, and found the rock had been removed. The date he did not remember, but did remember that he went and returned by steamer.

It was further shown by two witnesses that the steamers ceased running to San Quentin April 25 or 26, 1884.

Robert Warden testified to driving Porter to the ranch, and that the rock was removed in " the forepart of April "; that he left the ranch April 14th, and it had then been removed.

Felix Sands had been in the employ of the contractor at tunnel No. 1, and superintended depositing the rock; ceased work April 12th, and was then employed by defendant as bridge-tender near the tunnel; saw the rock removed by Bird and McMahon, and was certain it was before trains began running on the road (April 28th).

H. C. Whiting testified the rock was removed before the trains ran on the road; Corbaley testified to the same effect, as did some other witnesses.

Upon the whole it must be said that the weight of testimony is to the effect that the rock was removed before April 28, 1884, and as this was the last work shown to have been done under the contract (if it be conceded as being done under the contract, of which there is grave doubt), and as the road was then completed, it follows that the finding of the court is amply supported by the evidence, and that the notice of lien of plaintiff was not filed within the time prescribed by the statute to constitute a lien on the railroad of the defendant railroad company, and is conclusive of plaintiff's right to a foreclosure.

There is another branch of the case in which the court finds in favor of the defendants, and which is equally conclusive against the plaintiff.

The five specifications of insufficiency of evidence not noticed, and the errors of law assigned upon the

admission and rejection of evidence, relate to such other branch.

To discuss it intelligently would require a lengthy statement of facts and occupy much space, and hence, as no error is perceived in the action of the court below in its disposition, it is not deemed necessary to dwell · upon the matter here.

The judgment and order appealed from should be affirmed.

Vancliff, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., De Haven, J., Fitzgerald, J.